**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 04-CR-210-TCK |
| ) | (09-CV-388-TCK-FHM) |
| TUXA TILTON BALLARD,  ) | |
| ) | |
| Defendant.  ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 70) filed by Defendant Tuxa Tilton Ballard, a federal inmate appearing *pro se*. The Government has filed a response (Dkt. # 76), conceding that sentencing for Defendant should be reopened for the reasons asserted in the § 2255 motion. For the reasons discussed below, the Court finds Defendant is entitled to reopening of his sentence. His § 2255 motion shall be granted for that limited purpose.

*BACKGROUND*

The record reflects that Defendant was convicted of possessing a firearm after a felony conviction. Judgment (Dkt. # 50) was entered on August 25, 2005. He was sentenced as an Armed Career Criminal based in part on two (2) prior escape convictions, one escape was entered in Garfield County District Court, Case No. CRF-83-210, and a second escape was entered in Muskogee County District Court, Case No CRF-89-52. At the time of his sentencing, Defendant argued that his two (2) escape convictions should not be considered violent felonies. See Dkt. # 47. Under Tenth Circuit law in effect at the time, however, every escape was a violent felony under the Armed Career Criminal Act ("ACCA"). See United States v. Moore, 401 F.3d 1220, 1225 (10th Cir.

2005); United States v. Moudy, 132 F.3d 618, 620 (10th Cir. 1998). Defendant also raised the claim on direct appeal. However, the Tenth Circuit rejected the claim, holding that this Court did not err in using the escape convictions to sentence Defendant under the ACCA. See United States v. Ballard, 179 Fed. Appx. 511 (10th Cir. 2006) (unpublished). On January 13, 2009, the Supreme Court decided Chambers v. United States, 129 S.Ct. 687 (2009), holding that certain types of escapes are not violent felonies within the meaning of the ACCA. On June 18, 2009, Defendant filed the instant § 2255 seeking relief from his sentence based on Chambers. See Dkt. # 70.

### *ANALYSIS*

In response to the § 2255 motion, the government concedes that Defendant is entitled to relief from his sentence based on Chambers. See Dkt. # 76. According to the government, neither of Petitioner's escape convictions qualify as a "violent felony" under Chambers. Without the two escape convictions, Defendant would have only two convictions that qualify as predicate offenses and the ACCA would not apply. See 18 U.S.C. § 924(e) (requiring three (3) previous convictions for a "violent felony" or a "serious drug offense" or both for application of enhanced sentence).

Defendant's conviction and sentence were final when Chambers was decided. Therefore, Defendant can receive the benefit of Chambers only if it is applicable retroactively on collateral review. The Government concedes that Chambers is a substantive holding that applies retroactively on collateral review. The Court agrees with the Government and holds that Chambers applies retroactively. See United States v. Blue, No. 90-1108, 2009 WL 2581284, at * (D. Kan. Aug. 20, 2009) (holding that "Chambers established a new substantive rule that applies to cases on collateral review" because the decision "limited the authority of sentencing judges to impose increased punishment on defendants whose only predicate felonies are escape convictions that were for a

failure to report"); *see also United States v. Leonard*, No. 08-CV-389-CVE, 2009 WL 499357, at * 4 (N.D. Okla. Feb.27, 2009) (holding that Supreme Court's decision in *United States v. Begay*, 128 S. Ct. 1581 (2008), which held that driving under the influence of alcohol was not a violent felony under the ACCA, applied retroactively because such decision was a "new substantive rule" that "limits the authority of a court to increase a defendant's punishment for certain types of conduct"). Therefore, the Court finds that to the extent Defendant seeks reopening of his sentence based on Chambers, his § 2255 motion should be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. To the extent Defendant seeks reopening of his sentence based on Chambers v. United States, 129 S.Ct. 687 (2009), his § 2255 motion (Dkt. # 70) is **granted**.

2. An attorney shall be appointed to represent Defendant in this matter.

3. On December 8, 2009, at 2:00 p.m., the Court shall resentence Defendant in accordance with Chambers.

DATED THIS 13th day of October, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE